IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JESSICA DE VALENTINO, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-18-0393 |
| § | | |
| HOUSTON INDEPENDENT SCHOOL § | | |
| DISTRICT, § | | |
| Defendant. § | | |

# **MEMORANDUM AND ORDER**

By Memorandum and Order [Doc. # 52] and Final Judgment [Doc. # 53] entered January 6, 2020, the Court granted summary judgment in favor of Defendant Houston Independent School District ("HISD"). On January 14, 2020, HISD filed its Bill of Costs [Doc. # 54], seeking to recover $1,316.00 for the original and one copy of Plaintiff's deposition transcript. Plaintiff filed Objections [Doc. # 57]. Having reviewed the record and applicable legal authorities, the Court overrules the Objections and awards HISD $1,316.00 in taxable costs.

Rule 54(d) of the Federal Rules of Civil Procedure states that "costs -- other than attorneys' fees -- should be allowed to the prevailing party" unless the court directs otherwise. FED. R. CIV. P. 54(d). By statute, federal courts may award only those costs itemized in 28 U.S.C. § 1920, absent explicit statutory or contractual authorization to the contrary. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S.

437, 444-45 (1987); *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1045 (5th Cir. 2010); *Mota v. Univ. of Texas Houston Health Sci. Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001). The Court is to give "careful scrutiny" to the items proposed by the prevailing party. *See Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 335 (5th Cir. 1995); *Serling v. Am. Airlines, Inc.*, 237 F. App'x 972, 976 (5th Cir. Aug. 3, 2007). The Court has authority to consider the necessity and reasonableness of the costs requested. *See, e.g., Cypress-Fairbanks Indep. Sch. Dist. v. Michael F.*, 118 F.3d 245, 257-58 (5th Cir. 1997); *Ernst v. Sunbelt Rentals, Inc.*, 122 F. App'x 722, 723 (5th Cir. 2004); *Javeler Marine Servs. LLC v. Cross*, 175 F. Supp. 3d 756, 760 (S.D. Tex. 2016).

HISD seeks to recover the $1,316.00 cost of the original and one copy of the transcript of Plaintiff's deposition. Plaintiff objects that the requested amount is excessive, not justified, and inadequately itemized.[1] "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case" are recoverable as

---

[1] Plaintiff argues also that the Court should "consider that most Plaintiffs are persons of very limited incomes." Objections, p. 1. Inability to pay may be considered in some instances, such as where the plaintiff is "of such modest means that it would be an injustice or inequitable" to award costs. *See Javeler*, 175 F. Supp. 3d at 760 (citing *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997); *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 447 (4th Cir. 1999); *Weaver v. Toombs*, 948 F.2d 1004, 1008 (6th Cir. 1991)). Plaintiff has presented no evidence that she is of such modest means. Indeed, she did not seek *in forma pauperis* status in this case and paid the filing fee in full.

taxable costs. 28 U.S.C. § 1920(2); *United States ex rel King v. Solvay Pharm., Inc.*, 871 F.3d 318, 335 (5th Cir. 2017); *Mota*, 261 F.3d at 530. The "costs of making copies of any materials where the copies are necessarily obtained for use in the case" are also recoverable. *See* 28 U.S.C. § 1920(4). "If, at the time it was taken, a deposition could reasonably be expected to be used for trial preparation, rather than merely for discovery, it may be included in the costs of the prevailing party." *Fogleman v. ARAMCO (Arabian Am. Oil Co.)*, 920 F.2d 278, 285 (5th Cir. 1991). A deposition transcript may be "necessarily obtained for use in the case" even if its is not introduced at trial. *See id.*; *Delgado v. Alamo Cmty. Coll. Dist.*, 2019 WL 1772317, *2 (W.D. Tex. Apr. 23, 2019).

In this case, the Court finds that HISD obtained the original and one copy of the transcript of Plaintiff's deposition for use in the case. It was attached to and cited in HISD's Motion for Summary Judgment. The cost of the original and one copy of the deposition transcript was justified and not excessive. Plaintiff's objection that the request for costs is "inadequately itemized" because HISD failed to present evidence regarding the number of pages of the transcript is overruled. As noted, the complete transcript is attached as Exhibit 2 to Defendant's Motion for Summary Judgment [Doc. # 27]. The transcript of Plaintiff's deposition testimony is 135 pages, exclusive of exhibits. The full transcript on the Court's Electronic Case Filing ("ECF") system,

in which four deposition pages are printed on one ECF page, is 176 pages including the deposition exhibits. The requested transcripts cost of $1,316.00 is reasonable and justified for use in the case. As a result, the cost is recoverable as a taxable cost under § 1920, and it is hereby

**ORDERED** that Plaintiff's Objections to Bill of Costs [Doc. # 57] are **OVERRULED**. It is further

**ORDERED** that taxable costs pursuant to Rule 54(d) and 28 U.S.C. § 1920 are assessed against Plaintiff in the amount of **$1,316.00**.

**SIGNED** at Houston, Texas, this **24th** day of **January, 2020**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE